UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CLARK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TIMOTHY E. BUSBY, Warden,<br><br>　　　　Respondent. | Case No. ED CV 10-1081 DMG (JCG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**INTRODUCTION AND SUMMARY**

On June 21, 2010, petitioner Kenneth Clark ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition").

Shortly thereafter, on August 13, 2010, Respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner filed an Opposition ("Opposition").

On February 24, 2011, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that the Motion be granted and that judgment be entered dismissing this action with prejudice. (*See* R&R at 2, 12.)

On March 15, 2011, Petitioner filed Objections to the R&R ("Objections"),

which was prepared with the assistance of counsel Patrick Morgan Ford.[1] (*See* Objs. at 2, n. 1.)

In his Objections, Petitioner makes two new contentions. First, Petitioner contends that he is subject to an actual innocence exception to the statute of limitation. (*See* Objs. at 1, 3.)

Second, Petitioner claims that he is entitled to equitable tolling due to his "counsel's misunderstanding of the law." (*See* Objs. at 4-5.)

Now, having conducted a *de novo* review, including studying the Motion, the Opposition, the Reply, the R&R, and the Objections, the Court is persuaded that the Petition is untimely. This Court, therefore, adopts the findings, conclusions, and recommendations of the Magistrate Judge.

## II.

## **DISCUSSION AND ANALYSIS**

A. <u>Actual Innocence</u>

Petitioner first complains that "the R&R makes no reference to the possibility that there may be an exception to the statute of limitations for federal habeas corpus relief where a state prisoner makes a showing of actual innocence."[2] (Objs. at 3 (bold omitted).) Petitioner states that he "was convicted upon the testimony of a

---

[1] As a procedural matter, the Court notes that Petitioner's Objections raise new facts that were never presented to the Magistrate Judge. A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001). Petitioner makes no effort to explain why he did not raise these issues in his Opposition. (*See generally* Objs. at 1-6.) Nonetheless, in the interest of justice, the Court will address the Objections on their merits.

[2] It is unclear to this Court why the R&R would address the actual innocence exception when Petitioner failed to raise this issue in his Opposition to the Motion. (*See generally* Opp. at 1-6.) It is Petitioner's burden to establish actual innocence.

2

single eyewitness, who would later acknowledge that he was pressured by police to implicate petitioner, or face prison himself. Petitioner has always strenuously maintained his innocence." (*Id.* at 1.)

The Ninth Circuit has not conclusively decided the issue raised by Petitioner and the Court sees no need to do so in this case. *See Lee v. Lampert*, 610 F.3d 1125, 1136 (9th Cir. 2010), *Lee v. Lampert*, 2011 WL 499347, at *1 (9th Cir. Feb. 8, 2011); *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002). To establish a gateway claim of actual innocence, Petitioner "must show that in light of all the evidence . . . 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir. 1997) (*en banc*), *cert. denied*, 523 U.S. 1133 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Under *Schlup*, a petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). The Supreme Court further held in *Schlup* that, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *See Schlup*, 513 U.S. at 324. Moreover, the Ninth Circuit has noted that, because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (footnote omitted).

Here, Petitioner fails to establish that he falls under the actual innocence exception. Four reasons guide this determination.

First, apart from Petitioner's conclusory statement that his "single eyewitness" "acknowledge[s] that he was pressured by police to implicate petitioner," Petitioner has submitted no declaration to prove he is factually innocent of the crime. (*See generally* Objs. at 1-6.)

3

Second, Petitioner's reliance on a purported recantation declaration is equally unpersuasive to establish a claim of actual innocence. Because post-trial declarations are "obtained without the benefits of cross-examination," *Herrera v. Collins*, 506 U.S. 390, 417 (1993), they "are to be treated with a fair degree of skepticism." *Id.* at 423. Petitioner fails to show that the alleged recantation declaration is reliable or present any evidence to corroborate this alleged declaration. *See Moody v. Dexter*, 667 F. Supp. 2d 1167, 1180-81 (C.D. Cal. 2009).

Third, Petitioner fails to demonstrate that the purported evidence he seeks to present is *new* and was not presented at trial. *See Schlup*, 513 U.S. at 324. Petitioner admits that he has "always strenuously maintained his innocence." (Objs. at 1.) Indeed, at the time of trial, Petitioner requested that the jury be instructed with CALJIC No. 2.21.2, which states:

> A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

(*See* Lodg. No. 5 at 8.)

While the trial court denied Petitioner's request to use CALJIC 2.21.2, the trial court did instruct the jury with CALJIC 2.21.1, which notes discrepancies in the witness's testimony. (*See* Lodg. No. 5 at 8.) Further, the witness was properly impeached with inconsistencies by trial counsel, and on cross-examination, the witness repeatedly stated that he did not remember certain particularities that occurred on the evening of the crime. (*See id.*) Thus, the jury heard evidence of the witness's unreliability, but nonetheless convicted Petitioner.

Fourth, contrary to Petitioner's assertion that he "was convicted based upon the testimony of a single eyewitness" (Objs. at 1), there was also security videotape

4

showing Petitioner present at the scene of the crime on or about the time the victim was shot. (*See* Lodg. No. 5 at 7.) The victim struck Petitioner's car on the evening of the crime outside of a liquor store. (*Id.* at 4-6.) At best, Petitioner establishes legal insufficiency, but fails to demonstrate that he is factually innocent of the crime.

Accordingly, Petitioner fails to come close to making the "extraordinarily high" showing required to establish a freestanding claim of actual innocence. *Carriger*, 132 F.3d at 476.

### B. Attorney Negligence

Petitioner contends that "the magistrate judge erroneously concludes petitioner is not entitled to equitable tolling" because "Petitioner has at every moment since his conviction sought relief from his wrongful conviction, and for most of the time was assisted by state appointed counsel, Patrick Morgan Ford, in his various petitions seeking relief." (Objs. at 4-5 (bold omitted).) Petitioner argues that "any delays were a product of counsel's misunderstanding of the law." (*Id.*) The Court does not agree.

An attorney's conduct must have been wrongful or sufficiently egregious in order to justify equitable tolling. *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006). But it is well established that negligence is *not* sufficient to qualify as an extraordinary circumstance justifying equitable tolling. *Majoy*, 296 F.3d at 776 n. 3 (holding petitioner not entitled to equitable tolling, and noting the petitioner's "attempt to place blame on his previous attorney and to assign his reliance on that attorney having made timely filing 'impossible' falls short of the circumstances required to engage this exception"); *Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002) (attorney's negligence does not justify equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001, *as amended* Dec. 3, 2001), *cert. denied*, 535 U.S. 1055 (2002) (attorney's "negligence in general do[es] not constitute

1 extraordinary circumstances sufficient to warrant equitable tolling").

2     Here, apart from stating in a conclusory manner that his delays were based on
3 "counsel's misunderstanding of the law," Petitioner provides no evidence or facts to
4 support his assertion that counsel's conduct was so *egregious* – beyond negligence –
5 as to rise to the level of an "extraordinary circumstance." (Objs. at 5); *Miranda*, 292
6 F.3d at 1067-68 (attorney's negligence in calculating due date for federal habeas
7 petition fails to meet high threshold of "extraordinary circumstances" sufficient to
8 warrant equitable tolling). In fact, Petitioner provides no showing or evidence that
9 his counsel's conduct "actually prevented [Petitioner] from preparing or filing a
10 timely petition." *Shannon*, 410 F.3d at 1090.

## III.

## CONCLUSION

    Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

    1.    Judgment shall be entered dismissing the action with prejudice.

    2.    The Clerk shall serve copies of this Order and the Judgment herein on the parties.

    Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. As a result, a Certificate of Appealability ("COA") is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a court dismisses a petition on procedural grounds, a COA should issue only when a "prisoner shows, at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[]") (emphasis added).

DATED:   April 5, 2011

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE